IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Richmond Division**

LOIS A. YANKAH,

                Appellant,

v.                                        Civil Action No. 3:14-cv-00610-JAG

CLIFFORD J. MACK,

                Appellee.

## OPINION

This matter comes before the Court on appeal from an order of the United States Bankruptcy Court for the Eastern District of Virginia entered on May 16, 2014. The Bankruptcy Court awarded judgment in favor of appellee Clifford J. Mack in an adversary proceeding brought against appellant Lois A. Yankah. Mack sought a declaration that the debts associated with Yankah's tenancy in Mack's condominium in Richmond, Virginia, could not be discharged under 11 U.S.C. § 523(a)(2)(B), because Yankah lied on her rental application.

Judge Keith L. Phillips held a trial on the complaint, and on May 16, 2014, ruled in favor of Mack and found the Yankah's debts to Mack dischargeable. Yankah appealed that judgment to this Court. She argues that the Bankruptcy Court wrongly found each of the requirements of § 523(a)(2)(B) met and also wrongly denied her relief for Mack's alleged violations of Rule 26 of the Federal Rules of Civil Procedure.

Because the Bankruptcy Court properly found each of the elements of § 523(a)(2)(B) satisfied and Mack committed no violation of Rule 26, the Court affirms the Bankruptcy Court's rulings below. Additionally, the Court denies Yankah's request for sanctions.

## I. FACTS[1]

In May 2012, Yankah filled out a rental application to lease a condominium owned by Mack at Rocketts Landing in Richmond, Virginia. On the application, Yankah answered "No" to the following two questions: (1) "Have you ever been evicted?" and (2) "Have you ever failed to pay rent on time?" Based on the information provided on the rental application, Mack, through his agent Graham Johnson, agreed to lease the property to Yankah. Unbeknownst to either Johnson or Mack, Yankah had in fact failed to pay rent on time and was evicted from another unit at Rocketts Landing approximately eight months earlier.

Yankah and Mack entered into the lease on June 4, 2012, at which time Yankah paid the first month's rent and a security deposit. After that, she never paid a full month's rent on time. Yankah filed for Chapter 13 bankruptcy in this District on September 27, 2012; she subsequently converted her bankruptcy to a Chapter 7 proceeding on April 9, 2013.

Mack set about to secure his interest in Yankah's delinquent rent payments. He filed a proof of claim for prepetition rents with the Bankruptcy Court for $3,262.50. He subsequently received two postpetition judgments against Yankah in state court, both related to Yankah's inability to make postpetition rent payments.[2]

---

[1] The applicable standard of review of a bankruptcy court's findings of fact is whether such findings are clearly erroneous. *Green v. Staples (In re Green)*, 934 F.3d 568, 570 (4th Cir. 1991). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). Yankah does not specifically challenge any of the Bankruptcy Court's factual findings. Upon review of the record below, the Court concludes that the Bankruptcy Court's factual findings were not clearly erroneous, and so summarizes the facts from on the Bankruptcy Court's May 16, 2014 Order.

[2] The first judgment was for a bad check Yankah wrote for October 2012 rent, in the amount of $1,215, plus $55.45 in costs, $303.75 in attorney fees, and 6% interest from October 4, 2012. The second judgment was for Yankah's continued failure to make postpetition rent payments, in the amount of $4,620, plus $500 in late fees, $55.46 in costs, $1,280 in attorney fees, and 6% interest from February 26, 2013.

In these state court proceedings, Mack received the right of possession of the Property, and he subsequently evicted Yankah. During the eviction process, Mack discovered Yankah's previous eviction from Rocketts Landing for failure to pay rent. With this knowledge, Mack filed an adversarial proceeding to prevent the discharge of the debts owed by Yankah to him arising from their lease agreement.

## II. DISCUSSION[3]

### A. Nondischargeability under 11 U.S.C. § 523(a)(2)(B)

Yankah argues that the Bankruptcy Court erred by finding the debts owed to Mack nondischargeable under 11 U.S.C. § 523(a)(2)(B). This section of the Bankruptcy Code bars the discharge debts obtained by an individual debtor through fraud or false statements. As relevant here, those debts must be obtained by a written statement that meets four requirements: (1) the statement is materially false; (2) the statement represents the debtor's financial condition; (3) the creditor reasonably relied upon the statement; and (4) the debtor made the statement with the intent to deceive. *See* § 523(a)(2)(B)(i)-(iv). A creditor seeking a determination of nondischargeability has the burden of proof and must show that the debt is nondischargeable by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 286 (1991).

Yankah challenges the Bankruptcy Court's conclusions on two of the four requirements of § 523(a)(2)(B). First, she argues that her rental application was not a statement of her financial condition. Second, she argues Mack's reliance on the application was unreasonable.

---

[3] Conclusions of law and questions of statutory interpretation are reviewed *de novo. Bunker v. Peyton (In re Bunker)*, 312 F.3d 145, 150 (4th Cir. 2002); *Ford Motor Credit Co. v. Reynolds & Reynolds Co. (In re JKJ Chevrolet, Inc.)*, 26 F.3d 481, 483 (4th Cir. 1994). Consequently, "[i]n cases where the issues present mixed questions of law and fact, the court applies the clearly erroneous standard to the factual portion of the inquiry and *de novo* review to the legal conclusions derived from those facts." *Williams v. McDow (In re Williams)*, No. 10-cv-049, 2010 WL 3292812, at *3 (W.D. Va. Aug. 19, 2010) (citing *Gilbane Bldg. Co. v. Fed. Reserve Bank*, 80 F.3d 895, 905 (4th Cir. 1996)).

3

## 1. Statement Respecting Financial Condition

According to Yankah, her rental application does not constitute a statement of her overall financial health, so it cannot be the kind of false statement contemplated by § 523(a)(2)(B). In support of her argument, she cites *In re Joelson*, 427 F.3d 700 (10th Cir. 2005). In that case, the Tenth Circuit adopted a narrow interpretation of what kinds of statements "respecting the debtor's . . . financial condition" qualified under § 523(a)(2)(B). *Id.* at 706.

This Court is within the Fourth Circuit, not the Tenth,[4] and the Fourth Circuit follows a broader interpretation of the phrase. *See Engler v. Van Steinburg*, 744 F.2d 1060, 1061 (4th Cir. 1984); *see also Joelson*, 427 F.3d at 711 (recognizing the Fourth Circuit's broader interpretation of "respecting the debtor's . . . financial condition"). Under that interpretation, a statement of a debtor's "financial condition" under § 523(a)(2)(B) need not be a formal financial statement nor must it paint the entire picture of a debtor's financial history and background. Instead, any statement that gives information regarding one's financial condition can fall within § 523(a)(2)(B), so long as it meets the other three requirements. *See Engler*, 744 F.2d at 1060-61 (noting that "Congress did not speak in terms of financial statements. Instead it referred to a much broader class of statements—those 'respecting the debtor's . . . financial condition'").

Property owners require potential tenants to fill out rental applications in order to ensure, among other things, their financial fitness to lease the property. Questions about past residences, evictions, or failures to pay rent on time go directly to one's financial condition. Bankruptcy Courts in this District have rightly made that conclusion in the past. *E.g., In re Marrin*, Adv. No. 08-3116-DOT, 2009 WL 3754546 (Bankr. E.D. Va. Nov. 3, 2009) (finding false statement of

---

[4] The Tenth Circuit encompasses the federal district courts in Colorado, Kansas, New Mexico, Oklahoma, Utah, and Wyoming, whereas the Fourth Circuit encompasses the federal district courts in Maryland, North Carolina, South Carolina, Virginia, and West Virginia. *See* 28 U.S.C.§ 41.

income on a rental application to be "a false financial statement under § 523(a)(2)(B)). Here, Yankah filled out a rental application that asked for information on her employment, income, references, and former residences, each of which provided Mack with a sense of her fiscal ability to lease his property. Accordingly, the Bankruptcy Court did not err in concluding that Yankah's lies on her rental application constituted false statements respecting her financial condition.

## 2. Reasonable Reliance

Yankah next argues that Mack's reliance on her lies was unreasonable in light of his ability to conduct a comprehensive investigation with other information on the application. She says he could have pulled her credit report and found out about her financial state, but opted not to. But the ability of a creditor to check behind the statements of the debtor is not judged against to "a *per se* verification standard" that requires the creditor to verify statements before relying upon them. *See In re Allen*, 65 B.R. 752, 763 (Bankr. E.D. Va. 1986). In other words, Yankah cannot call Mack's reliance on her lies unreasonable just because Mack could have figured out that she was lying if he had run her credit report.[5] Moreover, reasonable reliance is a question of fact, and considered "in light of the totality of the circumstances." *In re Goodwich*, 517 B.R. 572, 591 (Bankr. D. Md. 2014) (citations omitted). As a question of fact, this Court defers to the Bankruptcy Court's findings, because they were not clearly erroneous. Accordingly, the Bankruptcy Court did not err in deeming Mack's reliance on Yankah's statements reasonable.

## B. Rule 26(a)(2) Expert Disclosures

Yankah also argues that the Bankruptcy Court erred by not finding that Mack violated Rule 26 of the Federal Rules of Civil Procedure.[6] Rule 26 provides a broad overview of parties'

---

[5] Besides which, the record indicates that Yankah never provided a verifiable social security number so that Mack could run a credit check.

[6] Rule 26 applies in adversary proceedings. Fed. R. Bankr. P. 7026.

discovery obligations in civil proceedings. Yankah refers to violations of "FRCP 26(2)(A)" and "FRCP 26(2)(A)(c)." Those Rules do not exist, but based on her arguments, the Court understands Yankah to mean subsections (A) and (C) of Rule 26(a)(2).

Rule 26(a)(2), subtitled "Disclosure of Expert Testimony," deals with a party's obligation to disclose the identities of expert witnesses and the content of the matters on which those experts will testify. Yankah asserts that Mack disclosed only a list of witnesses prior to trial, but never provided "any information about the witnesses or what they were testifying about."

The Bankruptcy Court did not err in denying relief under Rule 26(a)(2) for one simple reason: the two witnesses called by Mack at trial were not expert witnesses. Expert witnesses are those called to testify "as an expert by knowledge, skill, experience, training or education." Fed. R. Evid. 702. Parties call expert witnesses when the case requires some scientific, technical, or specialized knowledge in order to make the evidence more understandable. *See id.* 702(a). Quintessential examples include a surgeon who can explain human anatomy in a medical malpractice case or an engineer who can explain physics in a products liability case. The disclosure requirements of Rule 26(a)(2) apply only if a witness is called to provide some professional expertise. By contrast, if a witness does not rely on special expertise but instead testifies about his or her own personal knowledge of the facts at trial, then that individual is a lay witness, and the expert disclosures required under Rule 26(a)(2) do not apply.[7]

Mack called Graham Johnson, the real estate agent who interacted with Yankah and received her rental application, and Robert Caudle, the attorney Mack hired to initiate eviction proceedings against Yankah. Johnson and Caudle testified to facts within their personal

---

[7] Rule 26(a)(3) requires the disclosure of lay witnesses' identities, addresses, and telephone numbers. Although Yankah says she never received the "identities" of the two witnesses, she admits she received "a list of witnesses." Yankah does not appear to argue, nor does the record suggest, that Mack failed to make the required disclosures under Rule 26(a)(3).

knowledge, specifically their interactions with Yankah and involvement in the dispute between her and Mack. Although one might think of Johnson as providing the perspective of a real estate agent or Caudle the perspective as an attorney, their testimony did not come from any kind of expertise. Instead, they testified solely about their own interactions with and personal knowledge of Yankah's lease debacle with Mack. That makes them lay witnesses, not expert witnesses, and for that reason, Rule 26(a)(2) does not apply. Accordingly, the Bankruptcy Court did not err in denying Yankah relief under Rule 26.

### C. Sanctions

Finally, Yankah includes a portion of her brief labeled "Plea for Sanctions." It appears that Yankah insists that Mack (or his counsel) should be sanctioned for filing a frivolous adversarial action under § 523(a)(2)(B) and for failing to comply with Rule 26, but she cites to no law or rule that grants this Court authority to issue sanctions for Mack's conduct in the adversarial proceeding below. Nonetheless, because the Court finds that Bankruptcy Court properly granted judgment to Mack under § 523(a)(2)(B) and Mack did not violate Rule 26, the Court denies Yankah's request.

### III. CONCLUSION

For the reasons discussed herein, the Court affirms the rulings of the Bankruptcy Court. The appeal is hereby dismissed. An appropriate Order shall issue.

The Clerk is directed to send a copy of this Opinion to the *pro se* appellant and all counsel of record.

Date:  February 5 , 2015
          Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

7